IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 27 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00244-BNB

NATHAN R. WINZENRIED,

Plaintiff,

v.

SGT. RANDALL HAFER, individually and in his official capacity, and
CPT. SCOTT FILER, individually and in his official capacity,

Defendants.

## ORDER OF DISMISSAL

Plaintiff, Nathan R. Winzenried, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Winzenried filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343 (1993). As relief, he asks for money damages and unspecified injunctive relief.

Mr. Winzenried has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2006). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the complaint will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Mr. Winzenried is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the complaint liberally because Mr. Winzenried is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Pursuant to 42 U.S.C. § 1983, Mr. Winzenried must allege that Defendants violated his rights under the Constitution and laws of the United States while they acted under color of state law. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Winzenried alleges that he works with Defendant Sergeant Hafer, food service supervisor at the Fremont Correctional Facility, in the food service department. He contends that in June 2007 Sergeant Hafer harassed him verbally by making comments of a sexual nature. He specifically alleges that Sergeant Hafer talked to him about "'[b]anging (his) 74 year old baby-sitter'" and instructed him to call him "'daddy,'" a term that Mr. Winzenried contends in prison and street slang refers to the dominant male in a homosexual relationship. *See* complaint at 4. He contends that Defendant Captain Filer, a food service captain at the Fremont Correctional Facility, failed to investigate the situation properly. On the basis of these allegations, Mr. Winzenried contends that his constitutional rights has been violated.

While the alleged comments may be inappropriate or offensive, verbal harassment, without more, does not state an arguable constitutional claim. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Merely making conclusory allegations that his constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Mr. Winzenried's claims do not rise to the level of a constitutional violation, and must be dismissed. *Hall*, 935 F.2d at 1110; *Wise v. Bravo*, 666 F.2d 1328, 1332-33 (10th Cir. 1981). Therefore, the complaint will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

**FURTHER ORDERED that Plaintiff remains obligated to pay the full amount of the required filing fee assessed and owed in this action, if such fee is not yet paid in full. If Plaintiff fails to stay current with his payment obligations in this action, the Court may apply all or part of the filing fee payments tendered in any**

action Plaintiff initiates subsequent to initiating this action to satisfy the filing fee debt owed here or in any other action Plaintiff already has initiated.

DATED at Denver, Colorado, this 27 day of February, 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00244-BNB

Nathan R. Winzenried
Prisoner No. 126220
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/27/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk